**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Walters, <u>et al.</u>     }
                          }
                          }     Docket No. 234-10-02 Vtec
                          }
                          }

<u>Decision and Order on Cross-Motions for Partial Summary Judgment</u>

Appellants appealed from a 2002 decision of the Development Review Board (DRB) of the Town of Randolph. Appellants are represented by Stephanie Kaplan, Esq.; Appellee-Applicant is represented by Michael Marks, Esq.; and the Town is represented by Peter Nowlan, Esq. The parties have moved for summary judgment on Questions 2, 3, and 4 of the Statement of Questions, as to whether the proposal falls within a conditional use category under the zoning regulations. Appeals in the Town of Randolph are on the record[1].

The following facts are undisputed unless otherwise noted.

The permit at issue in the present appeal involves Appellee-Applicant's property on Rogers Road containing a spring or springs, piped by gravity feed to a collection tank, from which it is loaded by pumping into tanker trucks. Appellee-Applicant transports the bulk water by truck to another location in Randolph on Route 66 where the water is bottled in various sizes of bottles, the bottled water is warehoused, and from which the bottled water is distributed.

As we have noted in another case, <u>Appeal of French</u>, Docket No. 98-7-01 Vtec (Vt. Envtl. Ct., March 4, 2002), the current Randolph Zoning Regulations are unusual, in that they contain a very elaborate list of allowed use categories, much more detailed and specific than in many other Vermont municipalities. In each zoning district, use categories are listed either as permitted uses (allowed upon application to the zoning administrator if the use meets the dimensional requirements of the Regulations) or as conditional uses (allowed upon application to the DRB if the use meets the additional criteria of § 3.4.1, including consistency with the plan, lack of hazard, traffic capacity, traffic access safety, screening, runoff control, and landscaping). Also unlike the regulations of some other municipalities, the Randolph Zoning Regulations do not provide for a category of 'other uses similar to the listed uses' which can be approved either as a conditional use by the DRB or as a permitted use by the Zoning Administrator.

Rather, § 2.4.3 of the Zoning Regulations provides that any use not specifically permitted in the Regulation, that is, not specifically listed as an allowed use, shall be prohibited. However, it contains the following exception: a use " not specifically permitted in the Regulation" can be " authorized by the [DRB] if it finds, after a duly warned public hearing, that the proposed use is not injurious, obnoxious, or offensive and is in keeping with the character and permitted uses in the Zoning District." This type of exception can be useful in a municipality such as Randolph, which has a detailed list of use categories, rather than more general categories such as '

commercial' or 'retail' or 'office' into which uses not otherwise provided for might fit. However, it only applies by its terms to use categories that have not been specifically included anywhere in the Zoning Regulations.

The parties have not provided the September 25, 1990 Zoning Regulations in effect in 1993 when this use was originally permitted as a conditional use. However, regardless of whether it was properly considered as a conditional use under those regulations, the action of the then-ZBA in granting the conditional use permit was not appealed, and became final. The present application does not seek to add a different use to the site or to change the use category. Rather, it seeks to amend the 1993 conditional use permit to add more springs, an additional pump house and storage tanks, and a truck turnaround, and to increase the truck traffic and the hours during which trucks may go to and from the site.

The DRB properly treated the present application as an amendment to the 1993 conditional use permit, without identifying or inquiring into whether the current use or the proposed amendment falls into a conditional use category under the current regulations. Because the 1993 conditional use permit was not appealed, it cannot be challenged, either directly or indirectly, in this proceeding. The parties have not suggested that the use permitted by the 1993 permit has become nonconforming under the current regulations (in which case any enlargement of it would have to meet the requirements of § 2.5.4.)

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is DENIED as to Question 2 and Appellee-Applicant's Motion for Summary Judgment is GRANTED as to Question 2. Because the application may be considered as an amendment to an existing conditional use permit, we do not reach the question of whether it also qualifies to be considered as an allowable use under § 2.4.3, and do not reach the constitutionality of § 2.4.3.

As provided in the Court's entry order of May 13, 2003, this matter is placed on inactive status pending the DRB's action on the revised application, in which the Court understands that a hearing is scheduled for Tuesday, June 17, 2003. We request that the parties advise the Court as soon as the DRB issues its decision, so that we may schedule a conference to determine whether the new decision will be appealed, whether it renders the present appeal moot, or whether we will proceed to establish a briefing schedule for the merits of the present appeal.

Done at Barre, Vermont, this 13th day of June, 2003.


_____
Merideth Wright
Environmental Judge

## Footnotes

1. The fact that the appeals are on the record does not, however, preclude Appellants from raising a legal issue to the Court as to whether the DRB acted contrary to the zoning regulations, regardless of whether that question was raised before the DRB. See, e.g., In re Town of Sherburne, 154 Vt. 596, 603-04 (1990).